

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,230-01

### EX PARTE ALAIN PAREDES-RUIZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1405821-A IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of murder and sentenced to twenty-one years' imprisonment. The First Court of Appeals affirmed his conviction. *Paredes-Ruiz v. State*, No. 01-19-00200-CR (Tex. App. — Houston [1st Dist.] June 23, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant contends that he was denied the opportunity to file a *pro se* petition for discretionary review because he had no access to a law library or legal materials during the period for filing his petition for discretionary review as a result of COVID-19 disaster declarations. The State responds that Applicant did have access to a law library, citing a report from the Texas

Department of Criminal Justice's Annual Review for the fiscal year 2020. That report contains the figures for total law library attendance and the number of legal research materials delivered to inmates with indirect law library access for fiscal year 2020, presumably for all Texas Department of Criminal Justice facilities. The report does not contain any specific information that would refute Applicant's claim that he was denied access to legal materials during the period after his conviction was affirmed on direct appeal and before the extended[1] deadline for filing his *pro se* petition for discretionary review.

The habeas record originally received by this Court on October 11, 2022, did not contain findings of fact and conclusions of law signed by the trial court. For this reason, and because the State's response and proposed findings of fact and conclusions of law were not supported by the record as noted above, this Court remanded this matter to the trial court for further information addressing Applicant's claims.

On November 9, 2022, this Court received a supplemental record from Harris County, consisting of the same evidence provided with the State's original response, and a copy of the State's proposed findings of fact and conclusions of law signed by the trial court on October 6, 2022, before this Court remanded the matter to the trial court. Those findings and conclusions are still not supported by the record and are inadequate to address Applicant's allegations.

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall

---

[1]Applicant filed a *pro se* request for an extension of time for filing his petition for discretionary review, which this Court granted on July 30, 2020. The extended due date for filing the petition was September 28, 2020. The notice sent to Applicant contained a notation that no further extensions would be entertained.

determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant specifically was afforded access to legal materials, either at a law library or by delivery of legal research materials during the period between June 23, 2020 and September 28, 2020. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but any denial of access to legal materials. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish